372 A.2d 869

Joseph R. HEFFERIN, Appellee,

v.

Joseph J. STEMPKOWSKI,

v.

**DUQUESNE LIGHT COMPANY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1976.

Decided April 19, 1977.

John S. Sherry, Pittsburgh, for appellant.

Warren D. Ferry, Pittsburgh, with him William A. Gray, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This appeal is from the order of the Court of Common Pleas, Civil Division, of Allegheny County, which overruled Preliminary Objections in the nature of a demurrer filed by the additional appellant, Duquesne Light Co., Inc. This appeal from the interlocutory order was heard after petition and allowance by this Court.

This is an action in trespass by Joseph R. Hefferin, an employee of Duquesne Light Co., Inc., who was injured by Joseph J. Stempkowski. At the time of his injury Joseph R. Hefferin was setting out warning signs behind a parked company truck when Stempkowski's vehicle struck him and pinned him against the truck. Hefferin was acting within the course and scope of his employment and entitled to Workmen's Compensation.

After suit was entered by Hefferin against Stempkowski, Duquesne Light Co., Inc. was joined as an additional defendant by Stempkowski.

The sole question involved in this appeal is: "Does the December 5, 1974 amendment to Pennsylvania Workmen's Compensation Act, Act of December 5, 1974, P.L. 782, No. 263

§ 6, 77 P.S. 481(b) bar the joinder of a plaintiff's employer as an additional defendant in an action brought by the plaintiff employee against a third party?"

In order to reach a proper interpretation of this amendment, it must not be viewed in a vacuum, set apart from the recent history of Workmen's Compensation legislation in Pennsylvania.

The National Commission on State Workmen's Compensation Laws submitted its report to the Congress and the President in July, 1972. The report contained 84 recommendations for the improvement of state workmen's compensation laws, and of the 84 recommendations, 19 were deemed essential by the Commission. Recommendations R. 2.18 and R. 2.19 address immunity and exclusivity of employers from negligence actions when an employee is impaired or dies because of a work-related injury or disease. The Commission recognized that its recommendations would result in increased costs to employers and included the exclusive liability of an employer as one of the 19 essential recommendations.

With the Commission report as a background, the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law and Occupational Disease Law which, among other items, caused the average weekly payment to rise from $60.00 per week to a present $187.00 per week. It was the intention of the Legislature to have the Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations of the Commission as possible. This culminated on December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions. To accomplish this, the Legislature adopted the language in Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., where the employer is granted total immunity from third-party actions and is also subrogated to the full extent of its workmen's compensation lien. This becomes a statuto-

ry right, and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions. The Federal case law is lengthy and affirms the language of Section 5, and it is with this thought in mind that the Pennsylvania Legislature adopted the present Section 303 language which reads as follows:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Federal cases are legion on this matter. The Supreme Court has made it clear that the purpose of the above section of the Act was to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence. *Mahnich v. Southern S/S Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *Ryan Stevedoring Co., Inc. v. Pan-Atlantic S/S Co.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); *American Mutual Liability Co. v. Matthews*, 182 F.2d 322 (2d Cir. 1950).

The court below held that the 1974 Amendment was merely a recitation of the current law. If this were the case the Legislature merely encumbered the law by a fruitless act. This was clearly not intended. By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not a supplement to, common law tort actions.

Clearly the amendment grants the employer-appellant immunity from suit and bars its joinder as an additional defendant in this action. The employer's right to subrogation remains unchanged.

The order of the court below is reversed and the appellant's preliminary objections are sustained.

VAN der VOORT, J., files a concurring opinion.

PRICE, J., files a dissenting opinion.

VAN der VOORT, Judge, concurring:

This case involves the interpretation of Section 303 of the Workmen's Compensation Act, as amended by Section 6 of the Act of December 5, 1974, P.L. 782, No. 263 (77 P.S. § 481 [1976–1977 Supplement]). The issue raised in the appeal is whether or not the amended section proscribes the joinder of the employer of an injured employee by a third party defendant whom the employee has sued for damages arising out of his injuries.

Because I believe that our function is to determine the intent of the Legislature when its enactments are challenged, even though that intent is inartfully expressed, I concur in the result of the Majority Opinion.

The Section of the Act in question provides basically ". . . the employer . . . shall not be liable to a third party for damages, contributions, or indemnity in any action at law or otherwise . . ." (except in certain cases not relevant to our disposition). The amended Act does not expressly provide that the employer cannot be joined as an additional defendant by an original third party defendant.

The amending Act creates many questions which it ignores, the most obvious of which questions are as follows:

In the event judgment goes against the third party defendant, does he have a right of set-off or recoupment for the amount of compensation paid or to be paid to the injured plaintiff?

If he has this right, how is it to be determined?

If the third party defendant does not have this right of set-off, is it the intention of this Act to provide a double recovery for the plaintiff, i. e., first a recovery under the Workmen's Compensation Act and second, a recovery against the third party tortfeasor?

Does the employer have a right of subrogation against the third party, and if so, how is this to be determined? Since the employer can no longer be joined under the provisions of the Act, not only questions of procedure will arise, but also questions of collateral estoppel. Despite the shortcomings, I believe it is the intention of the Legislature to preclude the joining of the employer by an alleged third party tortfeasor. Hence, I concur in the result of the Majority Opinion.

PRICE, Judge, dissenting:

Section 303 of The Pennsylvania Workmen's Compensation Act was amended in 1974 to provide that a third party who injures an employe is subject to a cause of action for damages, "but the employer  .  .  .  shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise," except in cases not here relevant.[1]

The question posed by this case is whether the above statutory language requires the sustaining of an additional defendant-employer's preliminary objections to an original defendant's complaint. It is, at least to me, indisputable that prior to the 1974 amendment, the preliminary objections would have been dismissed. *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); *Burke v. Duquesne Light Co.*, 231 Pa.Super. 412, 332 A.2d 544 (1974).

In *Burke v. Duquesne Light Co., supra,* this court considered the propriety of a jury charge which prohibited the jury from finding solely against the employer. We said:

1. Act of June 2, 1915, P.L. 736, art. III, § 303 *as amended,* Act of December 5, 1974, P.L. 782, No. 263, § 6 (77 P.S. § 481 (Supp. 1976–77)).

"We are of the view that the proper procedure in cases like that at bar is to allow the jury to determine who is liable in negligence.

By charging the jury as he did in the case at bar, the trial judge effectively precluded the original defendant from establishing his own due care, and thus forced the jury to conclude that if there was negligence at all, Duquesne was negligent, and consequently liable to the Burkes. The jury had to reach this conclusion, for it had no alternative under the charge but to find against Duquesne alone, or against Duquesne and Granz jointly. It was not proper, in our opinion, for the lower court to take away from the jury the reasonable possibility that Granz was alone liable to the Burkes." 231 Pa.Super. at 421, 332 A.2d at 548.

In this case, under the guise of interpreting the 1974 amendment, the majority ignores the policy considerations found determinative in *Burke*. However, the 1974 amendment does not speak to the point at issue. The amendment absolves an employer of liability to a third person for "damages, contribution, or indemnity." It does not state that an employer may not be joined as an additional defendant.

As *Burke* observes, another reason for joining a tortfeasor as an additional defendant is to provide the jury with an alternative, that alternative being that the employer was responsible for the injuries and the third party was not. *Burke* and its predecessors did not stand for the proposition than an employer could be liable over to the third party-original defendant. On the contrary, we recognized that:

"The Supreme Court of Pennsylvania has construed the language of The Workmen's Compensation Act as precluding liability by the employer for any amount larger than the [workmen's compensation] agreement requires. . . Such construction is in accord with one of the purposes of the Act, which is to protect the employer from common law liability to the employee. A verdict against both the original and additional defendants imposing joint liability

cannot impose liability above the statutory contribution demanded of the employer . . . ." 231 Pa.Super. at 426, 332 A.2d at 550.

Nevertheless, we held that a bar against liability to the third party was not necessarily a bar against joinder:

"we must draw a distinction between the issue of the right of an original defendant to contribution and that of the right of the original defendant to a determination that the suit brought against him was unfounded as only the employer—not the original defendant—was negligent." 231 Pa.Super. at 427, 332 A.2d at 550. *See also Hinton v. Waste Techniques Corp.*, 243 Pa.Super. 189, 364 A.2d 724 (1976).

It may be that the majority no longer finds persuasive our decision in *Burke*. So be it. However, the argument that the 1974 amendment overruled *Burke* is, to my view, not persuasive nor it is correct.

I would affirm the order of the lower court.