## Malloy v. The Mint Corporation

*Bernard J. Avellino*, for plaintiff.
*Joseph F. Lombardo*, for defendant.
*Susan J. Poll*, for additional defendant.

ANDERSON, *J.*, August 1, 1977—The instant matter involves a motion for summary judgment by additional defendant, Blue Cross of Greater Philadelphia (Blue Cross).

Sterly H. Malloy, on April 1, 1975, while an employe of Blue Cross, fell while descending a flight of stairs from a first floor lounge to the ground floor offices of her employer, which were located in the Widener Building in Philadelphia, Pa. Mrs. Malloy and her husband brought an action in trespass against The Mint Corporation (Mint), assignee of the lease between Blue Cross and Keystone State Building Corporation (Keystone), alleging that it negligently maintained the stairway. Mint joined Blue Cross as an additional defendant, alleging that the latter was charged with maintaining the stairs in question.

Blue Cross, in moving for summary judgment, contends that it is precluded from being joined as a party in the action by reason of the amendment to the Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(b).

That section of the act provides in pertinent part:

"In the event injury or death to an employe is caused by a third party . . . the employer . . . shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

In Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), the Superior Court of Pennsylvania held that section 481(b) bars the joinder of an employer as an additional defendant. In Hefferin, however, no contract was involved, so the court was not required to interpret the exception set forth in section 481(b) of the act. In the instant case, however, a lease was entered into between Blue Cross and Keystone, with Mint being the successor in interest to Keystone.

Two clauses of the lease are pertinent to the instant matter:

"Lessor hereby demises and lets unto Lessee all that certain office space numbered and known as the entire 14th, 15th and 18th Floors, together with a portion of the Ground Floor . . ., situate and known as 1333-35 Chestnut Street, and a portion of Floor 17A . . . all in the Widener Building. . . . " and

"8.  Lessor shall not be held responsible for and is hereby expressly relieved from any and all liability by reason of any injury, loss or damages to any person or property in or about the demised premises . . . unless caused by lessor's negligence."

The motion of Blue Cross must be sustained for three reasons:

1.  Blue Cross did not "expressly" waive its immunity from suit under section 481(b) of the Workmen's Compensation Act, and clause 8 of the lease cannot be considered as a specific waiver of those rights.

2.  Even if we were to conclude that Blue Cross, by agreeing to clause 8 of the lease, effectively waived its immunity under section 481(b) from suit for all injuries to employes occurring in or about the "demised property," Blue Cross would still prevail

because the stairway on which the plaintiff allegedly fell was not part of the demised property enumerated in the lease.

3. Similarly, any assumed waiver of Blue Cross' immunity under section 481(b) of the act would not be effective because Blue Cross did not agree to relieve the lessor of its liability for its own negligence, and plaintiffs' alleged negligence in their complaint.

For the reasons set forth above, the motion for summary judgment by Blue Cross must be granted.

## ORDER

And now, August 1, 1977, it is hereby ordered and decreed that the motion for summary judgment of additional defendant, Blue Cross of Greater Philadelphia, is granted, and that judgment be entered in favor of said additional defendant.