## Kleimenhagen v. Philadelphia Tramrail Company

*Martin Corr*, for plaintiff.
*Daniel B. Huyett*, for defendant.
*Joseph R. Thompson*, for additional defendant.

PRATTIS, *J.*, September 8, 1978—This action in trespass was brought as a result of the injuries sustained by Robert Kleimenhagen in an accident which occurred while he was at work as an employe of Acme Markets, Inc. (Acme).

Plaintiffs, Robert Kleimenhagen and Linda Kleimenhagen (Kleimenhagen), allege that Robert Kleimenhagen's duties required him to operate a certain piece of equipment which had been manufactured, serviced, repaired and maintained by Philadelphia Tramrail Company (Tramrail). Plaintiffs further allege that during Robert Kleimenhagen's operation of said equipment, the equipment malfunctioned causing the injuries and damages as set forth in the complaint.

Tramrail subsequently joined Acme as additional defendant demanding judgment in its favor against Kleimenhagen or, in the alternative, judgment against Acme, by way of contribution and/or indemnity of any sums that might be found to be due to plaintiffs, plus costs.

Acme filed preliminary objections to the complaint against additional defendant and a motion to strike that complaint on the grounds that the

amendment to The Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(b) (1974 Amendment), grants it immunity from suit and is a bar to its joinder as an additional defendant in this action. The act as amended reads as follows:

"§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party.

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. As amended 1974, Dec. 5, P.L. 782, No. 263, §6, effective in 60 days."

Tramrail counters that the 1974 amendment is unconstitutional, in that it "arbitrarily and capriciously eliminates a party's right to sue, thereby violating equal protection under the law." Accordingly, Tramrail requests this court to deny Acme's preliminary objections.

In order properly to dispose of the issues raised by Acme's preliminary objections and Tramrail's answer thereto, we must decide, first, whether the 1974 amendment bars the joinder of a plaintiff's employer as an additional defendant in an action brought by the employe against a third party; and if so, whether such application of the amendment is a denial of due process under the Fourteenth Amendment to the United States Constitution.

For the following reasons we hold that the 1974 amendment grants the employer, Acme, total immunity from suit and bars its joinder as an additional defendant in this action. We further hold that the 1974 amendment does not violate the Fourteenth Amendment nor does it deny Tramrail equal protection under the law.

The Superior Court of Pennsylvania addressed the issue of whether the 1974 amendment is a bar to the joinder of a plaintiff's employer as an additional defendant in Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977). Hefferin involved an action in trespass by an employe of Duquesne Light Co., Inc. The employe was injured by a third party while he was performing his duties as an employe. The court interpreted the 1974 amendment with reference to the intention of the legislature to have the "Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations" of the National

Commission on State Workmen's Compensation Laws as possible. It found that the purpose of the amendment is to grant the employer total immunity from third-party actions. The court held that the 1974 amendment bars an employer's joinder as an additional defendant in this type of action: Hefferin v. Stempkowski, 247 Pa. Superior Ct. 369, 372 A. 2d 869, 871. Accordingly, we so hold.

Tramrail further contends that the complaint against Acme should not be stricken because the 1974 amendment is unconstitutional. Tramrail argues that "this type of Amendment arbitrarily" denies it access to the courts, thus violating "equal protection under the law." While Tramrail does not cite a specific provision, the court assumes that Tramrail makes reference to the Pennsylvania State Constitution, art. I, sec. 11. Tramrail also argues that the amendment denies it "due process under the Fourteenth Amendment to the United States Constitution."

We have found no decision of the Pennsylvania Appellate Courts that squarely discusses the constitutionality of the 1974 amendment with regard to article I, sec. 11, of the Pennsylvania State Constitution. In Adamik v. Pullman Standard, 439 F. Supp. 784 (W.D. Pa. 1977), the court held that an employer could not be held liable for an employe's injuries via contribution or indemnity to a third party and that such result did not deny equal protection or violate the Pennsylvania constitutional provision, article I, sec. 11, guaranteeing access to the courts. The district court referred, by analogy, to the Pennsylvania Supreme Court decision in Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975), where plaintiff complained that Pennsylvania no fault legislation was unconstitutional.

Plaintiff in Singer raised many of the constitutional arguments advanced by Pullman in Adamik and Tramrail here. The Singer court held that "[n]othing in Article I, Sec. 11 . . . prevents the legislature from extinguishing a cause of action" and that the no-fault legislation was not violative of the Pennsylvania Constitution by mere reason of the fact that the legislature abolished the right of recovery for a limited group: Singer, 464 Pa. 400, 346 A. 2d at 904-905. Accordingly, there is no violation of article I, sec. 11, resulting in a denial of due process to Tramrail.

As to Tramrail's contention that the 1974 amendment operates to deny it equal protection under the Fourteenth Amendment, we refer to the standards articulated by the Supreme Court of Pennsylvania in Singer, supra. The Singer court reasoned:

"Except where an invidious discrimination against a suspected class is at issue or a fundamental right burdened, a 'legislative classification must be sustained unless it is "patently arbitrary" and bears no rational relationship to a legitimate governmental interest.' Frontiero v. Richardson, 411 U.S. 677, 683, 93 S. Ct. 1764, 36 L.Ed. 2d 583 (1973)." Singer, 464 Pa. 402, 346 A. 2d at 904-905.

Applying that standard to the case at bar, the issue to be determined is the one addressed by the Federal court in Adamik, supra, that is, "whether there is any invidious discrimination here or whether the legislation [1974 Amendment] is rationally related to the legitimate end of improving the Pennsylvania scheme for providing Workmen's Compensation benefits." Adamik, 439 F. Supp. at

786. The Adamik court held that there was no invidious discrimination and that the 1974 amendment is rationally related to the legitimate end of providing " 'more certainty in administration of the benefit fund and more stability to the fund . . . [as well as preventing] the uncertain drain on the benefit fund caused by employer contribution costs and legal defense expenses that had resulted from third party actions in the past.' " Adamik, 439 F. Supp. at 786. Accordingly, the 1974 amendment does not operate to deny equal protection to Tramrail.

For the foregoing reasons, Acme's preliminary objections to the complaint against additional defendant are sustained and the motion to strike the complaint against additional defendant will be granted.

## ORDER

And now, September 8, 1978, it is hereby ordered and decreed that the preliminary objections to the complaint against additional defendant are sustained. It is further ordered that the motion to strike the complaint against additional defendant is hereby granted.