**Stanley SHANER and Nancy Shaner, his wife, Plaintiffs,**

v.

**CATERPILLAR TRACTOR COMPANY, t/a Caterpillar, Defendant and Third-Party Plaintiff,**

v.

**NELLO L. TEER COMPANY, Third-Party Defendant.**

**Civ. A. No. 77–1030.**

United States District Court, W. D. Pennsylvania.

Jan. 23, 1980.

Joseph P. Moschetta, Patrono, Ceisler, Edwards & Pettit, Washington, Pa., for plaintiffs.

Warren D. Ferry, Murovich, Reale & Fossee, Thomas A. Matis, Robert S. Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant and third-party plaintiff.

## OPINION

DIAMOND, District Judge.

Plaintiffs brought this diversity action to recover damages resulting from husband-plaintiff's employment-related injuries suffered as the alleged result of a defective product manufactured and sold by the defendant, Caterpillar Tractor Company t/a Caterpillar. The defendant joined the husband-plaintiff's employer, Nello L. Teer Co., (Teer) as a third-party defendant for contribution and indemnity. However, on motion of the third-party defendant, the judge to whom this case originally had been as-

signed, the Honorable Daniel J. Snyder, Jr., by an opinion and order filed on March 21, 1978, dismissed the third-party complaint.

Subsequently, Caterpillar moved for an order requiring the employer voluntarily to enter the case as a plaintiff, or, upon its refusal so to do, to be brought in as a defendant and thereafter be realigned as an involuntary plaintiff. Caterpillar stated as the basis for its motion that since the employer had subrogation rights under the Pennsylvania Workmen's Compensation Act, 77 Pa.C.S.A. § 671, it was a real party in interest under Rule 17(a), Fed.R.Civ.P., and a necessary and indispensible party under Rule 19, Fed.R.Civ.P. By an order entered on April 14, 1978, the court granted the motion routinely without stating its reasons.

Teer declined to enter the case voluntarily, and was thereafter served as a defendant. We now have before us Teer's motion to dismiss on the grounds that Caterpillar has failed to state a claim upon which relief can be granted. For the reasons set forth below, we will grant the motion.

The injuries which husband-plaintiff allegedly sustained occurred during the course of his employment in Pennsylvania. In his opinion of March 21, 1978, Judge Snyder set forth the law of Pennsylvania applicable to the joinder of an employer as a third-party defendant for the purpose of determining the employer's subrogation rights and the rights, if any, of a joint tortfeasor to credit for Pennsylvania Workmen's Compensation benefits paid by that employer to an employee allegedly injured by the sole or joint fault of another. It was the court's opinion that according to *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), the only authority then in point; the 1974 amendment to § 303(b) of

the Pennsylvania Workmen's Compensation Act barred such joinder.[1]

If there was any doubt after *Hefferin* that the Pennsylvania legislature by its 1974 amendment to § 303(b) of the Pennsylvania Workmen's Compensation Act had effectively granted employers *complete immunity* from suit and had barred their joinder as additional parties in actions brought by injured employees against third parties, it was clearly dispelled in *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978) and *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978).

*Arnold* was filed three months after Judge Snyder's April 14, 1978, order and after the instant case had been transferred to the undersigned. In it the Pennsylvania Superior Court affirmed the lower court, which had dismissed a third-party complaint seeking to add an employer as a third-party defendant for the purpose of ascertaining its subrogation rights and the rights of a joint tortfeasor to a credit equal to the workmen's compensation benefits paid by the employer. Precisely what defendant seeks to do here. In affirming the lower court's rejection of the joinder, Judge Hoffman speaking for the court stated at pp. 272–273.

In his Concurring Opinion in *Hefferin*, Judge VAN der VOORT addressed appellant's specific contention that joinder of the employer is not barred by § 303(b) if the joinder is intended to adjudicate the employer's subrogation rights:

"The amending Act creates many questions which it ignores, the most obvious of which questions are as follows:

"In the event judgment goes against the third party defendant, does he have a right of set-off or recoupment for the

---

1. Section 303(b) as amended in 1974, 77 Pa.C.S.A. § 481(b) provides as follows:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

amount of compensation paid or to be paid to the injured plaintiff? . . .

"Does the employer have a right of subrogation against the third party, and if so, how is this to be determined? Since the employer can no longer be joined under the provisions of the Act, not only questions of procedure will arise, but also questions of collateral estoppel. *Despite the shortcomings, I believe it is the intention of the Legislature to preclude the joining of the employer by an alleged third party tortfeasor.*" Supra at 370, 372 A.2d at 872.

*We agree that the 1974 amendment to § 303(b) manifests a broad legislative intent to bar the joinder of an employer as an additional defendant.* (fn. omitted) Therefore, we conclude that the lower court properly sustained appellee's preliminary objections. (emphasis supplied)

In *Bell*, the Pennsylvania Supreme Court in holding that the 1974 amendment to § 303(b) involved the substantive law of Pennsylvania and, therefore, was to be given prospective effect only, summarized the effect of the amendment when it stated 392 A.2d at page 1382:

Section 303(b) of the Workmen's Compensation Act more than *alters, it obliterates, a cause of action.* Prior to this amendment, the third party defendant was able to join the employer and present evidence to a jury concerning the employer's negligence. This evidence might exonerate the third party from all liability by proving the employer's negligence alone had caused the injury or it might result in a determination that the employer and third party were jointly liable. *However, the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer. Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977). (Emphasis supplied)

■ It is clear from the foregoing, that under the substantive law of Pennsylvania an employer is absolutely and completely immune from suit as a party for any purpose in an action brought by an injured employee against a third party to recover damages arising out of employment-related injuries. Any such cause of action has been "obliterated" by the 1974 amendment to § 303(b) of the Pennsylvania Workmen's Compensation Act.

The parties do not dispute that Teer was the employer of husband-plaintiff, that Teer's workmen's compensation carrier paid substantial compensation benefits to husband-plaintiff as a result of his employment-related injuries, and, therefore, that Teer may be entitled to be subrogated to the rights of the husband-plaintiff against a third party joint or sole tortfeasor.

As a result, Caterpillar contends that Teer is a real party in interest under Rule 17(a) as well as a necessary or indispensible party under Rule 19. It is clear that while Teer is a real party in interest and may be a necessary party, it is not an indispensible party. See *United States v. Aetna Cas. & S. Co.,* 338 U.S. 366, 380–383, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Cf. *Dudley v. Smith,* 504 F.2d 979 (5th Cir. 1974).

■ Of course, Rule 17(a) requires that all actions be prosecuted in the name of the real party in interest and Rule 19 requires that necessary parties be joined where feasible under certain circumstances. The question here is whether under the circumstances of this case those provisions of the Federal Rules of Civil Procedure compel the denial of Teer's motion to dismiss, notwithstanding the clearly enunciated policy of the Commonwealth of Pennsylvania that as the employer it is immune from this suit. We believe that the answer must be in the negative.

■ In this diversity action, we are bound by the substantive law of Pennsylvania. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Moreover, as ". . . a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties [we are] for that purpose, in effect, only another court of the State, [and we] cannot afford recovery if the right to recover is made unavailable by the State nor can [we] substantively affect the en-

forcement of the right as given by the State." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108–109, 65 S.Ct. 1464, 1469–1470, 89 L.Ed. 2079 (1945).

We believe that *Erie* and *York* support our conclusion that in this diversity action we must look to the substantive law of Pennsylvania which precludes the joinder of Teer as a party in this action. We recognize that the Court in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), redefined the *Erie* and *York* principles, particularly with regard to the interrelationship of federal and state procedural rules in a federal diversity action. We do not read *Hanna*, however, as discarding the "substantive-procedural" or "outcome-determination" tests of *Erie, York* and other prior decisions of the Court, but rather to suggest that they must be read with "reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." (fn. omitted) 380 U.S. at 468, 85 S.Ct. at 1142.

It is manifest to us that if we were to give Rules 17(a) and 19 precedence over the substantive law of Pennsylvania in the matter before us we would be ignoring completely the principles of *Erie* and *York*. We would be inviting forum shopping, and, unlike *Hanna*, we would in *every* case produce a different substantive outcome; i. e., the very inclusion of the employer as a party in the federal diversity action who would be immune from suit in a similar state court action. Accordingly, we believe that our holding is consistent with *Hanna* also.

 In addition to the foregoing, there is another basis for the granting of Teer's motion. In a brief filed in support of that motion, counsel for the plaintiffs attached a letter from Teer's workmen's compensation insurance carrier. The letter cites the caption of the instant suit, though not its civil action number, as the matter to which it refers, and authorizes plaintiffs' counsel to represent the carrier's subrogation interest. Based on that letter, plaintiffs' counsel, and now also the carrier's counsel, stated in the accompanying brief that "Therefore, plain-

tiffs respectfully repeat their request that Caterpillar's attempted joinder of Nello L. Teer Company be dismissed".

We believe that letter fairly constitutes a Rule 17(a) ratification of the plaintiffs' prosecution of this suit and that it eliminates the only real Rule 19 concern of the defendant; viz., that it would in the absence of the employer on the record be exposed to a substantial risk of multiple liability, *Kint v. Terrain King Corp.*, 79 F.R.D. 10 (M.D.Pa.1977).

Finally, we have assessed the possibility that in even considering the motion to dismiss Teer as a party to this action we may have been running afoul of the law of this circuit, which declares it to be an abuse of discretion for a judge of coordinate jurisdiction to review a previous ruling of another such judge in the same case. *TCF Film Corporation v. Gourley*, 240 F.2d 711 (3rd Cir. 1957); *United States v. Wheeler*, 256 F.2d 745 (3rd Cir. 1958). However, we believe that the present matter does not come within the rule. Judge Snyder first granted a motion to dismiss Teer as a third-party defendant and wrote an opinion on March 21, 1978, setting forth his reasons. He subsequently, without opinion, on motion of Caterpillar, permitted the joinder of Teer as a defendant for realignment as an involuntary plaintiff. This was pro forma and virtually ex parte as are most such orders granting motions for the joinder of additional parties. In granting such a motion, the court obviously does not purport to be ruling ex parte and in advance adversely to the additional party on all possible pretrial motions to dismiss, or objections to the joinder itself, which that party may raise. In short, the granting of a motion to join a party is not the same as the denial of a motion to dismiss that party.

The motion of Nello L. Teer Company to dismiss will be granted.