**Reliance Insurance Co. v. Richmond Machine Co.**

*Markowitz, Kagen & Griffith,* for plaintiff.

*Barley, Snyder, Cooper & Barber, McNees, Wallace & Nurick,* and *Davis, Katz, Buzgon & Davis, Ltd.,* for defendants.

MUELLER, *J.,* May 5, 1980—On April 4, 1977 while employed at Samuel Miller & Son, Inc., John E. London (hereinafter employe) was injured when the foot pedal of the machine known as an open head body roller was accidentally activated causing partial amputation of his thumb. Plaintiff Reliance Insurance Company is the workmen's compensation insurer of Samuel Miller & Son, Inc. (hereinafter employer). Plaintiff paid compensation to the employe under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., pursuant to an agreement with employer.

Plaintiff instituted this action against Richmond Machine Company, Reliance Electric Company and Bendix-Westinghouse (the Bendix Corpora-

tion) claiming that the negligence of defendants in the design, assembly and manufacture of the machine caused employe's injuries. Plaintiff seeks either contribution from or indemnification by defendants for the payments made to employe.

Now before the court are defendant Reliance Electric Company's (hereinafter Reliance) preliminary objections, a demurrer, a motion to strike off the complaint and a motion for a more specific pleading. The court will deal with each preliminary objection.

## MOTION TO STRIKE OFF THE COMPLAINT

Plaintiff's complaint in Paragraph Five (5) refers to a certain workmen's compensation agreement and states that a copy of the agreement is attached as Exhibit "A." There is no exhibit attached to the complaint. Failure to attach a document may properly be cured by filing an amended complaint with the necessary document attached: Kurelko v. Great American Indemnity Co., 10 D. & C. 2d 231 (1957); Goldman v. Schlanger, 49 D. & C. 2d 225 (1970).

Defendant's motion to strike the complaint is denied, and plaintiff will be given an opportunity to file an amended complaint with the workmen's compensation agreement attached.

## DEMURRER

There are three parts of Reliance's preliminary objection in the nature of a demurrer. First, Reliance argues that the complaint on its face shows that the claim is barred by the two year statute of limitations which applies to personal injury actions. Second, Reliance asserts that plaintiff has failed to state a cause of action cognizable in as-

sumpsit. Third, Reliance asserts that plaintiff has failed to state a cause of action for contribution or indemnification. These latter two arguments will be dealt with later in this opinion.

Defendant's first argument is that plaintiff's actions for contribution and indemnification are barred by the two year statute of limitations which applies to personal injury actions. Defendant avers that the injury to employe took place on April 4, 1977 and this action was not commenced until May of 1979. Reliance argues that plaintiff's cause of action is actually one for subrogation based on section 319, as amended, of The Pennsylvania Workmen's Compensation Act, 77 P.S. §671, as hereinafter referred to, and that the two year statute of limitations bars the action. Plaintiff, on the other hand, argues that its actions are for contribution and indemnification which are not governed by the two year statute of limitations.

Normally, a waivable statute of limitations must be raised in new matter as an affirmative defense rather than by preliminary objection: Pa.R.C.P. 1030; 2 Goodrich-Amram 2d §1030:1.2. Under certain circumstances, however, courts have dealt with a statute of limitations issue when it has been raised by demurrer to avoid a further waste of time and effort. In Lamp v. Heyman, 469 Pa. 465, 366 A. 2d 882 (1976), defendant raised a waivable statute of limitations by means of a demurrer. Plaintiff filed no preliminary objection to the demurrer. In addition, another defendant filed an answer to plaintiff's complaint in which he pleaded the statute of limitations as an affirmative defense. The Supreme Court held that since plaintiff had not objected to the issue being raised by way of preliminary objection, and since the additional defendant

did raise the issue as new matter and plaintiff then admitted the underlying factual allegation, the court would proceed to determine whether plaintiff was barred by the statute of limitations: 469 Pa. at 471.

In this case plaintiff has not objected to the statute of limitations having been raised by preliminary objection. It has also admitted the underlying factual allegation, i.e., that the injury to employe occurred on April 4, 1977. (See plaintiff's reply to new matter of the Bendix Corporation ¶19.) In addition, the issue actually raised by the demurrer, plaintiff's reply to defendant the Bendix Corporation's new matter, and the briefs of the parties is whether section 671 is the employer's exclusive remedy against third party tortfeasors responsible for injury to its employes or whether the employer may also maintain actions against the third parties for contribution and indemnity. Since the resolution of this legal issue is necessary before a court can determine whether plaintiff's action is barred by a two year statute of limitations, the court will decide this issue now rather than waste more time simply because the statute of limitations should have been pleaded as an affirmative defense in new matter rather than by preliminary objection.

Section 319 of The Workmen's Compensation Act, last amended by the Act of March 29, 1972, P.L. 159, sec. 20, 77 P.S. §671, provides as follows:

"§671. Subrogation of employer to rights of employe against third persons; subrogation of employer or insurer to amount paid prior to award

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his es-

tate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

"Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board."

This section provides that where a third party is responsible in whole or in part for the employe's injury, and the employer compensates the employe for those injuries, the employer is subrogated to the

rights of the employe against third parties. The question presented here is whether this statutory right of subrogation is plaintiff's exclusive remedy against third parties.[1] The court is not aware of any Pennsylvania case in which this precise issue has been decided.

In determining whether the legislature intended section 671 to be an employer's (and thus its insurer's) sole remedy against third parties, a number of factors must be considered. One factor to consider is that section 671 does not state that it is an employer's sole remedy; it merely gives the employer the right to be subrogated to an employe's rights against third parties. When the legislature imposed on the employer absolute liability for compensation to employes, it explicitly made that liability exclusive.[2] Yet, the legislature attached no such exclusivity to the employer's action against third persons as subrogee to the rights of the employe or his representative. Had the legislature intended section 671 to be an exclusive remedy, it could easily have stated that intention. See Federal Marine Terminals, Inc. v. Burnside Shipping Co., Ltd., 394

---

1. While plaintiff is the workmen's compensation insurer rather than the employer, the insurer has been held to enjoy the same right of subrogation as the employer: Bumbarger v. Bumbarger, 190 Pa. Superior Ct, 571, 155 A. 2d 216 (1959).

2. Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(a).

"§481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."

U.S. 404 (1969); 2A Larson, The Law of Workmen's Compensation, §77.10 (1976).

There may be an argument in favor of construing section 671 to be exclusive so that all rights and remedies related to compensating employes are dealt with in the act. However, section 671 is concerned with the rights and obligations as between the employer and employe; it does not affect the relationship between the employer and third parties or the employe and third parties.'

The purpose of The Pennsylvania Workmen's Compensation Act and specifically of section 481 was to make the act a complete substitute for common law tort actions: Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977). The act was to provide the employe with a sure method of obtaining compensation for his injuries by placing absolute liability on the employer. Section 481 was designed to counterbalance the imposition of absolute liability by providing that the act is an employe's sole remedy against the employer and by providing immunity for the employer from suits involving the employe and third parties.[3] Section 481

---

3. 'Burnside Shipping, supra, at 413. The Act of December 5, 1974, P.L. 782, 263 sec. 6, 77 P.S. §481(b) provides:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

specifically provides, however, that where an employe's injury is caused by a third party, an employe or his representative may bring an action at law against the third party. Section 671 allows the employer to be subrogated to the employe's rights against the third party. Clearly the act is not intended to be a complete substitute for the common law where suits against third parties are concerned.

Defendant argues that section 1504 of the Statutory Construction Act[4] requires a conclusion that section 671 provides an exclusive remedy for the employer. Section 1504 provides that:

"In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect."

However, the Statutory Construction Act does not aid us in determining whether the remedy provided in section 671 is exclusive. All section 1504 does is to stipulate that when a specific, exclusive remedy is provided by the legislature in a statute, no common law form of action can be brought other than by that exclusive statutory method of disposing of a dispute. See West Homestead Borough School District v. Allegheny County Board of School Directors, 440 Pa. 113, 118, 269 A. 2d 904 (1970).

Defendant further argues that allowing an employer to have a separate cause of action for indemnity or contribution will have the practical effect of exposing the third party to double liability

4. 1 Pa.C.S.A. §1504.

because suits may be brought both by the employe and the employer. The court is not convinced that this problem would actually arise with any frequency. It is not likely that two separate actions would be brought. If they were, it is even less likely that a third party would be forced to pay twice for the same negligence. Any such difficulties could be worked out if the situation arose. Cf. Whittenberg Engineering and Construction Co. v. Liberty Mutual Ins. Co., 390 S.W. 2d 877, 883 (Ky. 1965).

The court concludes, therefore, that the legislature did not intend that the right of subrogation provided in section 319 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §671, to be an employer's exclusive remedy against third parties responsible for injury to its employes. Reliance argues, however, that even if plaintiff is entitled to maintain an action for contribution or indemnity, the two year statute of limitations for personal injury actions should apply. Defendant cites in its brief a number of cases which state that the subrogee can assert no greater rights than the injured party has against the alleged third party tortfeasor. Defendant argues that this means that any action by plaintiff based on an injury to employe is limited by a two year statute of limitations. The cases cited by Reliance refer to an employer's subrogation rights; they do not deal with an employer's suit for contribution or indemnification.

The common law actions for contribution and indemnity have traditionally been limited by statutes longer than a two year statute of limitations. Under the new Judicial Code these actions are governed by a statute of limitations longer than two years: 42 Pa.C.S.A. §5525. There is no reason to apply a two year statute of limitations in this case.

Defendant's remaining preliminary objection in the nature of a demurrer is as follows: (1) the actions are improperly brought in assumpsit; and (2) the complaint fails to state a cause of action for indemnification or contribution.

The first of these two preliminary objections can be disposed of easily. Actions for contribution and indemnity are properly brought in assumpsit: Fish v. Ingerick, 5 D. & C. 2d 209 (1955); Forrester v. Strohecker, 45 D. & C. 2d 460 (1968); Wise Shoes v. Blatt, 107 Pa. Superior Ct. 473, 164 Atl. 89 (1933).

The final objection is Reliance's contention that plaintiff fails to state a cause of action for indemnity or contribution. The right of indemnity inures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable: Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A. 2d 368 (1951). The right of contribution exists where two or more persons are jointly liable in tort for the same injury and one of those joint tortfeasors has paid the whole common liability or has paid more than his pro rata share: Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. §8321 et seq.; Builders Supply Co. v. McCabe, supra.

Plaintiff's complaint alleges that it has compensated the employe of its insured for injuries occurring at the insured's place of business. The complaint also alleges that the injury to employe was caused by the negligence of defendants in designing, assembling and manufacturing the machine on which employe was injured. The complaint further alleges that the only liability of plaintiff was by reason of the workmen's compensation agreement with its insured, the employer of the injured

employe. The question to be decided in determining whether to dismiss a complaint is not whether plaintiff's statement of his claim is so clear as to entitle plaintiff to proceed to trial without amending it, but whether, on the facts averred, it shows with certainty that the law will not permit recovery by plaintiff: 2 Goodrich-Amram 2d § 1017(b):11.

It is clear that plaintiff Reliance Insurance Company is not a joint tortfeasor with defendants in causing the employe's injury. Plaintiff cannot, therefore, seek contribution from defendants by its own right. Since it paid the workmen's compensation benefits to employe on behalf of employer, it may very well be entitled to assert the employer's rights to contribution if the evidence at trial showed that the employer was a joint tortfeasor. The complaint states that plaintiff was liable to pay the employe because of its workmen's compensation agreement with the employer. It is not clear from the complaint that plaintiff is asserting the employer's rights. Plaintiff will, therefore, be permitted to amend the complaint to make this point clear if it is able to do so.

If plaintiff does not amend the complaint within 20 days, the defendant's demurrer will be sustained and the complaint dismissed as to plaintiff's cause of action for contribution.

Plaintiff's complaint adequately states a cause of action for indemnification. Defendant's preliminary objection in the nature of a demurrer will be dismissed as to that cause of action.

## MOTION FOR MORE SPECIFIC PLEADING

Defendant's motion for more specific pleading asserts that defendant does not understand plaintiff's causes of action for contribution and in-

demnity. In paragraphs 15 and 17 of plaintiff's complaint, it asserts that its causes of action are based on section 319 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §671, and Pennsylvania common law. Section 671 provides only for a right of subrogation; it makes no provision for indemnification or contribution by a third party responsible for injury to an employer's employe. Plaintiff's causes of action must be based on common law and not on section 671.

To avoid confusion and further delay, defendant's motion for more specific pleading will be granted with leave to file an amended complaint which would delete reference to section 671.

## ORDER

And now, May 5, 1980, defendant Reliance Electric Company's motion to strike the complaint is denied, but plaintiff is ordered to file an amended complaint within 20 days of the date of this order with a copy of the workmen's compensation agreement referred to in paragraph 5 of the complaint attached. Defendant Reliance Electric Company's motion for more specific pleading is granted and plaintiff is ordered to file an amended complaint to comply with this opinion within 20 days of the date of this order. Defendant Reliance Electric Company's preliminary objection in the form of a demurrer for failure to state a cause of action is: (1) sustained as to plaintiff's cause of action for contribution with leave to amend the complaint within 20 days of the date of this order; (2) denied as to plaintiff's cause of action for indemnification; and (3) denied as to the assertion that plaintiff's action is barred by a two year statute of limitations.