**Dean Robert SCHAEFFER, Plaintiff**

v.

**DIDDE–GLASER, INC., Defendant**

v.

**EAGLE GRAPHICS, INC., Third Party Defendant.**

Civ. A. No. 80–734.

United States District Court, M. D., Pennsylvania.

Dec. 30, 1980.

Dils & Diveglia, Archie V. Diveglia, Harrisburg, Pa., for plaintiff.

John B. Mancke, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

HERMAN, District Judge.

### I. INTRODUCTION

Plaintiff, Dean Robert Schaeffer, initiated this action on July 14, 1980 when he filed a complaint claiming that Defendant was liable for Plaintiff's injuries, which were caused by a printing press manufactured by Defendant, Didde-Glaser, Inc. On October 14, 1980, Didde-Glaser filed a third-party complaint in which it sought to bring Schaeffer's employer, Eagle Graphics, Inc., into this action as a third-party defendant. Didde-Glaser specifically limited the purpose of Eagle's joinder to enabling the jury to determine the respective percentage shares of the negligence of Plaintiff, Didde-Glaser, and Eagle, thereby potentially reducing Didde-Glaser's liability.

On November 13, 1980, Eagle filed a motion to dismiss the third-party complaint

under Federal Rule 12(b). Eagle filed its supporting brief on November 19, 1980 and Didde-Glaser filed its opposing brief on December 3, 1980. This motion is now ripe for our consideration.

## II. FACTUAL BACKGROUND

Plaintiff was employed by Eagle on July 18, 1978 when he was working with a Tandemer Roll-Fed Offset Press designed and manufactured by Didde-Glaser. On that date, Plaintiff was attempting to extricate a piece of paper that had become jammed in the machine. In the course of that task, Plaintiff's fingers were pulled into the press itself, resulting in certain damages to Plaintiff.

Eagle claims, in its motion and brief, that its joinder is totally barred by the immunity granted to an employer by amended section 303 of the Pennsylvania Workmen's Compensation Act.[1]

## III. DISCUSSION

### A. The Statutory Framework

In 1974, the Pennsylvania General Assembly amended the Pennsylvania Workmen's Compensation Act to provide, in pertinent part:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contribution or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended by Act of December 5, 1974, P.L. 782, 77 P.S. § 481(b) (hereafter referred to as "section 303").[2] Section 303 augmented the law in Pennsylvania that limited an employee's rights against his employer to recovery under the Act and forfeited the employee's common-law rights against his employer for injuries sustained while in the course of employment. *Hinton v. Waste Techniques Corporation*, 243 Pa.Super. 189, 195, 364 A.2d 724 (1976).

Eagle urges upon us an interpretation of section 303 that would immunize employers from being joined for any purpose in an action brought by an employee for injuries suffered while on the job. The language of the section, however, does not support such an absolute immunity from joinder. An axiom of statutory construction is that the clear and unambiguous language of a statute controls its meaning. *See* 1 Pa.C.S.A. § 1921(b); *Hellertown Manufacturing Company v. Commonwealth*, 480 Pa. 358, 365, 390 A.2d 732 (1978). The relevant language of section 303 is clear: "[T]he employer . . . shall not be liable to a third party for damages, contribution, or indemnity . . . ."

Didde-Glaser seeks no damages, contribution, or indemnity from Eagle. Didde-Glaser wishes only to allow the jury to apportion the percentage of negligence among all of the potentially culpable parties. Eagle stands to suffer no adverse judgments against it. Didde-Glaser bases its request on its intention to establish its legal percentage of responsibility under the Pennsylvania Comparative Negligence Act, Act of July 9, 1976, P.L. 855, No. 152, *as amended by* Act of April 28, 1978, P.L. 202, No. 53, 42 Pa.C.S.A. § 7102.

---

1. Because this is a diversity action, we will apply the statutory and decisional laws of the Commonwealth of Pennsylvania.

2. In 1978, the Pennsylvania Superior Court upheld the constitutionality of this amendment by an evenly divided court's affirmance of a trial court decision. *Tsarnas v. Jones & Laughlin Steel Corporation*, 262 Pa.Super. 417, 396 A.2d 1241 (1978), *aff'd*, 488 Pa. 513, 412 A.2d 1094 (1980).

Section 303 certainly immunized employers from liability to third parties for damages, contribution, or indemnity. But it has no language remotely intimating an absolute ban on the joinder of the employer as an additional defendant or as a third-party defendant.[3] We hold that section 303 of the Workmen's Compensation Act does not bar the joinder of a plaintiff's employer as a third-party defendant for the purpose of apportioning the respective percentages of causal negligence of plaintiff and all potential defendants.[4]

### B. Pennsylvania Appellate Courts

Our analysis of section 303 is not undertaken in a vacuum. A number of Pennsylvania courts, both trial and appellate, have examined section 303 in a variety of circumstances. In *Hefferin v. Stempkowski*, 247 Pa.Super.Ct. 366, 372 A.2d 869 (1977), the court ruled that a plaintiff's employer could not be joined in an action by a defendant who was seeking contribution for the employer's joint liability for plaintiff's injuries.[5] The same court extended the employers' immunity when it dismissed another plaintiff's employer as an additional defendant in *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978). The defendant in *Arnold* had joined the plaintiff's employer to determine the latter's entitlement to subrogation to the rights of the plaintiff against the defendant.

In 1978, the Pennsylvania Supreme Court filed an opinion noted for us by Eagle as supporting its position. In dicta, the court declared:

Section 303(b) of the Workmen's Compensation Act more than alters, it obliterates, a cause of action. Prior to this amendment, the third party defendant was able to join the employer and present evidence to a jury concerning the employer's negligence. This evidence might exonerate the third party from all liability by proving the employer's negligence alone had caused the injury or it might result in a determination that the employer and third party were jointly liable. However, the enactment of § 303(b) has foreclosed the adjudication of the liability of the employer.

*Bell v. Koppers Company, Inc.*, 481 Pa. 454, 458, 392 A.2d 1380 (1978). The last line of the *Bell* excerpt speaks as if to foreclose all efforts to join an employer, even if only to determine its percentage of responsibility. But the court in *Bell* was faced with an attempt to impose actual liability on the employer under a right of contribution or indemnity, not with an attempt merely to reduce the third party's percentage of negligence. Moreover, the court had already decided that section 303 did not apply to the matter before it. We do not regard, therefore, the *Bell* decision as precedent that would control our present determination.

Similarly, we respectfully disagree with the broad position taken in another federal court in Pennsylvania. *Shaner v. Caterpillar Tractor Company*, 483 F.Supp. 705 (W.D.Pa.1980). In *Shaner*, the court noted

**3.** We also note that the legislative history behind section 303 provides no indication of any intent to bar the joinder of an employer for any purpose whatsoever. *See Tsarnas v. Jones & Laughlin Steel Corporation, supra*, 262 Pa.Super. 417, 439 n.2, 396 A.2d 1241 (1978) (Spaeth, J., opinion in support of reversal).

**4.** The following language in the Comparative Negligence Act insulates an employer from any possible recovery under that Act once the percentages of responsibility are determined:

The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery.

42 Pa.C.S.A. § 7102(b). This clause acts to incorporate the bar to recovery established by section 303, 77 P.S. § 481(b).

**5.** In *Tsarnas v. Jones & Laughlin Steel Corporation, supra*, 262 Pa.Super. 417, 396 A.2d 1241 (1978), the court characterized *Hefferin* as granting employers "total immunity from third party actions." 262 Pa.Super. at 422, 396 A.2d 1241 (Cercone, J., opinion in support of affirmance, with two judges joining). This statement represents, at most, dicta from a minority of that court's judges. The same criticism applies to Eagle's offer of the court's view of the legislative intent behind section 303 offered in footnote 2 of Judge Cercone's opinion. We do not regard these remarks as controlling our interpretation of *Hefferin* or of section 303.

that it had once ruled that the employer could not be joined for contribution or indemnity to the defendant. The issue then facing the court was the joinder of the employer to assert its subrogation rights against the plaintiff. Although it properly dismissed that joinder, the court went on to generalize about section 303, based on *Hefferin, Arnold,* and *Bell* :

> It is clear from the foregoing, that under the substantive law of Pennsylvania an employer is absolutely and completely immune from suit as a party for any purpose in an action brought by an injured employee against a third party to recover damages arising out of employment-related injuries.

483 F.Supp. at 708. The court offered no justification for this position beyond the holdings and dicta in the three cases mentioned above. We do not feel constrained, therefore, to abandon out interpretation of section 303 and follow such a wide-sweeping grant of immunity from joinder in any action for any purpose.

Both *Arnold* and *Hefferin* comport with our interpretation of section 303. That section immunized employers from actions seeking to affect their substantive rights and liabilities arising from injuries to their employees. *Bell, Tsarnas,* and *Shaner* also support this interpretation, but go on in dicta to declare an absolute immunity from joinder in all actions. Although no appellate courts have done so, a recent series of trial court opinions in Pennsylvania has examined the precise issue before us: Does section 303 immunize employers from joinder in an action brought by their employees against third parties, when the joining party seeks to have no liability imposed on the employer? We will turn now to these decisions.[6]

### C. Pennsylvania Trial Courts

Three Pennsylvania common pleas courts have squarely faced the apparent conflict between section 303 and the Comparative Negligence Act. In one of the cases, the court felt constrained to follow the extremely broad statements of the appellate courts and granted a motion to dismiss the plaintiff's employer as an additional defendant. *Heckendorn v. Consolidated Rail Corporation,* 3781 Civil 1979, slip op. at 5 (Cumb., Pa.C.P., Aug. 25, 1980) (Shughart, P. J.).

The court noted the possibilities for gross inequities that might flow from its decision. If the defendant and employer would be equally responsible for plaintiff's injuries, and both are before the jury, the defendant would be liable for only 50% of plaintiff's claims.[7] But if the employer is not before the jury, the defendant may well be found responsible for 100% of the damages. Slip op. at 3–4. This unfairness would be amplified if the employer were 90% responsible and the defendant were 10% responsible. Although non-joinder of the employer would not preclude a defendant from claiming that the employer was wholly responsible and that defendant was not responsible at all, a jury's sympathy for an injured or dead plaintiff might well lead to a verdict against a defendant who is without fault. Slip op. at 4.

The *Heckendorn* court concluded its discussion of the issue by lamenting:

> The equities of this case obviously lie with [defendant]; but we must apply the statute as it has been construed by our appellate courts, however unjust the outcome. It is absurd that a party would have to pay damages for harm it did not cause.... Nevertheless, the cases cited above are binding upon us, and [the employer's] preliminary objections must be sustained.

Slip op. at 5.

A trial court in another county, however, did not feel bound to arrive at such an

---

**6.** Federal district courts are not bound by Pennsylvania trial court decisions and may independently find the law of the state in the absence of a clear, controlling decision of its highest courts, but proper regard should be given to the opinions of lower Pennsylvania courts. *Bobo v. Page Engineering Company,* 285 F.Supp. 664, 667 (W.D.Pa.1967).

**7.** We note again that section 303 immunizes the employer from any substantive liability under 42 Pa.C.S.A. § 7102(b). *See* note 4, *supra.*

inequitable result. *Yeagley v. Metropolitan Edison Company*, No. 3316 (Leb., Pa.C.P., May 13, 1980) (Gates, P. J.). The court distinguished the appellate cases construing section 303 as we did, i. e., they were not faced with the Comparative Negligence Act, but instead examined efforts to impose substantive liabilities on the employers (contribution, indemnity, or subrogation rights). Judge Gates declared that, under the Comparative Negligence Act, "the jury should compare the negligence of all potentially responsible persons in arriving at its verdict." Slip op. at 6. He went on to note that comparing negligence and recovering damages "are quite different concepts." *Id.* We agree.

It is entirely likely, he reasoned, that an injured employee could collect double recoveries: Once under the Workmen's Compensation Act and again against a third party involved in the incident in some way. This could not have been intended by the General Assembly, he concluded. Slip op. at 6, n.2. Judge Gates strove to read the two statutes in harmony and held that a defendant in a trespass action brought by an employee against a third party for the purpose of determining the percentage of pro rata causal negligence among all potential defendants could join the employer as an additional defendant. Slip op. at 8. *Accord Flack v. Calabrace*, No. 9431 of 1978 (West., Pa.C.P., Aug. 28, 1980) (Keim, P. J.).

*IV. CONCLUSION*

We believe that the assessments of the *Yeagley* and *Flack* courts are correct. They (and we) are not bound by *Hefferin, et al.* because those Pennsylvania appellate courts did not examine the interface between the two statutes now at issue. The sweeping generalizations of the force and effect of section 303 have been made without consideration of the Comparative Negligence Act. A percentage of responsibility can be assigned to an employer that could not be transformed into a right of recovery. We cannot accept the gross inequities that might otherwise arise and we do not believe that the General Assembly or Pennsylvania appellate courts would permit such results

either. We will deny Eagle's motion to dismiss.