390 A.2d 732

**HELLERTOWN MANUFACTURING COMPANY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued May 23, 1977.

Decided July 14, 1978.

Reargument Denied Aug. 18, 1978.

Donald LaBarre, Jr., Bethlehem, for appellant.

Eugene J. Anastasio, Deputy Atty. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Hellertown Manufacturing Company, is a Delaware corporation authorized to do business in Pennsylvania. Appellant filed its Pennsylvania corporate net income tax return in 1971 pursuant to the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, Art. I, § 101, as amended, 72 P.S. § 7201 (Supp.1978) indicating a tax liability of $77,745. Appellee, the Commonwealth, in determining appellant's corporate net income tax, increased the tax to $111,818.34. The Board of Finance and Revenue ordered a resettlement with a taxation figure of $107,976.24. The Commonwealth Court affirmed this resettlement, and appellant exercised its right of appeal to this Court. *See* The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1978).

The controversy in this case is whether the Secretary of Revenue may utilize a method of determining business income taxable by Pennsylvania which excludes appellant's sales in states in which the appellant is not jurisdictionally subject to corporate taxes. Excluding such sales results in a greater apportionment percentage and thus a greater net income tax liability. The Commonwealth Court found this method to be permissible under Article IV of the Tax Reform Code, 72 P.S. § 7401(3)2(a)(18), when the statutory method of apportioning the taxpayer's income does not fairly represent the extent of the taxpayer's business activity in Pennsylvania. *Hellertown Manufacturing Co. v. Commonwealth*, 25 Pa.Cmwlth. 90, 358 A.2d 424 (1976). We agree and therefore affirm the order of the Commonwealth Court.

When the entire business of a corporation such as appellant is not transacted within Pennsylvania, the Tax Reform Code of 1971 provides that the portion of corporate net income taxable by Pennsylvania may be determined by multiplying the corporation's total net income by an apportionment percentage which is the average of three statutory

fractions (property, payroll and sales). 72 P.S. § 7401(3)2 (Supp.1978). The parties agree that the property fraction equals 100% since all of the appellant's tangible property is located in Pennsylvania. They further agree that the payroll fraction equals 100% because all of appellant's employees are also located within the Commonwealth. The dispute concerns the sales fraction.

Appellant computed the sales fraction by following the Tax Reform Code formula which provides:

"The sales factor is a fraction, the numerator of which is the total sales of the taxpayer in this State during the tax period, and the denominator of which is the total sales of the taxpayer everywhere during the tax period." 72 P.S. § 7401(3)2(a)(15) (Supp.1978).

Since the appellant's sales in Pennsylvania were quite small in comparison to its total sales, computing the sales fraction under the above provision yielded a sales fraction of less than 1%. Had appellee used this sales fraction, it would have resulted in the reduction of appellant's taxable income by approximately one-third.

Appellee, finding appellant's sales fraction of less than one per cent to be grossly disproportionate when compared to the 100% figures of payroll and property, determined that the apportionment percentage yielded by the average of the sales, property and payroll factors did not fairly represent the extent of Hellertown's business activity in Pennsylvania. It therefore relied upon subsection (a)(18) which allows an alternative computation of the sales fraction. The subsection provides:

"*If the allocation and apportionment provisions of this definition do not fairly represent the extent of the taxpayer's business activity in this State,* the taxpayer may petition the Secretary of Revenue or the Secretary of Revenue may require, in respect to all or any part of the taxpayer's business activity:

(A) Separate accounting;

(B) The exclusion of any one or more of the factors;

(C) The *inclusion of one or more additional factors* which will fairly represent the taxpayer's business activity in this State; or

(D) *The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.* (Emphasis added.)

72 P.S. § 7401(3)2(a)(18) (Supp.1978).

Although appellee could have, under part B of subsection (a)(18), completely excluded the sales factor, thus leaving an apportionment percentage of 100%; it instead recomputated the sales factor under part D of subsection (a)(18) which permits "[t]he employment of any other method to effectuate an equitable allocation . . . of the taxpayer's income." Appellee employed a method known as the "throw out" rule in recomputing the sales figure. This rule eliminated from the denominator of the sales fraction. Hellertown's receipts from sales made in states in which Hellertown was not jurisdictionally subject to corporate taxes. The subtraction of these sales in states which did not have the requisite jurisdiction to impose a tax on net income from the sales fraction denominator mathematically adjusted the sales fraction to approximately 96%. This resulted in a computation by appellee of Hellertown's taxes of $107,976.24 as compared to appellant's claim of tax liability of $77,-745.00.

Appellant argues that the relief provisions of subsection (a)(18) may only be applied in extremely limited circumstances. Other states which have taxing codes similar to ours (this portion of the Pennsylvania statute was adopted almost verbatim from the language contained in the Uniform Division of Income for Tax Purposes Act) are divided as to precisely when this subsection may be invoked. In *Donald M. Drake Co. v. Dept. of Revenue*, 263 Or. 26, 500 P.2d 1041 (1971), the Oregon Supreme Court limited the use of the relief provision to "exceptional circumstances." *See also Amoco Production Co. v. Armold*, 213 Kan. 636, 518 P.2d 453 (1974). Conversely, in *Kennecott Copper Corp. v. State Tax Commission*, 27 Utah 2d 119, 493 P.2d 632 (1972), *appeal*

*dismissed,* 409 U.S. 973, 93 S.Ct. 323, 34 L.Ed.2d 237, *reh. den.,* 409 U.S. 1093, 93 S.Ct. 678, 34 L.Ed.2d 678 (1972) the Supreme Court of Utah allowed the use of the relief section in a case where the disparity between the property and payroll factors and the sales factor was less than that which exists in appellant's case.

We begin our analysis by an examination of the precise language of subsection (a)(18). The legislature provided that the Secretary of Revenue could vary the method of calculating the sales fraction when the statutory formula did not yield a taxable income "fairly" representative of "the extent of the taxpayer's business activity in this State . . . ." Therefore, appellee may employ the "throw out" rule to recompute the sales fraction only if the 67% apportionment figure sought to be used by appellant is not "fairly" representative of appellant's "business activity" in Pennsylvania.

If only 67% of appellant's "business activity" is in Pennsylvania, the remainder must occur in other states. Since 100% of appellant's property and employees are located in Pennsylvania, it is the sales portion which constitutes the out-of-state "business activity." The theory behind appellant's argument is that the remainder of its "business activity" occurs in those states in which it sells nearly all of its products. While it is true that appellant has structured itself so that most of its sales occur in states other than Pennsylvania, the reality of the situation is that Hellertown does not pay corporate taxes in any other state (with the exception of Ohio where it paid the minimum franchise tax of $50.00 per year). These other states in which appellant made the bulk of its sales, and to which it now seeks to apportion nearly one-third of its business income, cannot tax appellant unless some local incident ("business activity") occurred within the state. The United States Supreme Court has held that there must be at least minimal connections between a state and the potential taxpayer selling goods in the state in order to establish a jurisdictional nexus justifying the imposition of a tax. *See National Bellas Hess,*

*Inc. v. Dep't of Revenue*, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967). Since Hellertown did not have sufficient minimum connections to establish a jurisdictional presence for purposes of taxation, we cannot accept its argument that the remainder of its "business activity" occurred in these states.

The Tax Reform Code permits appellant to apportion its taxable income to other states so as to divide appellant's tax liability among those states which *impose* or *could impose* corporate taxes. The Code provides:

> "For purposes of allocation and apportionment of income  . . ., a taxpayer is taxable in another state if . . . he is subject to a . . . tax, or that state has *jurisdiction* to subject the taxpayer to a net income tax *regardless of whether, in fact, the state does or does not.*" (Emphasis added.)

72 P.S. § 7401(3)2(a)(3) (Supp.1978).

Thus, the critical factor is not whether the other state actually imposes a tax but whether the other state has *jurisdiction* to impose a tax. It is illogical to permit appellant to apportion income to other states in which it has no jurisdictional business activity. Apportioning the net income of a corporation which conducts some business outside of Pennsylvania insures that no corporate taxpayer pays more than its fair share; it conversely should not permit any corporation to escape paying its fair share.

Appellant does not challenge the constitutionality of subsection (a)(18) or any other portion of the Tax Reform Code. *Compare Moorman Manufacturing Co. v. Bair*, 437 U.S. 267, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978). Rather, appellant contends that appellee's method of determining the sales fraction—the "throw out" rule—is not valid under subsection 18. It argues that since a legislative report (The Fineman Report) specifically rejected the "throw back" rule, the tax administrator may not adopt the "throw out" rule which achieves mathematically similar results. (The "throw back" rule adds into the numerator the sales made to states in which the corporation does not pay taxes.)

This reasoning, however, ignores the plain language of subparagraph 18, which lists four ways in which either the taxpayer or the Secretary of Revenue may compute taxable income when the statutory apportionment provisions do not fairly represent the level of a corporation's Pennsylvania business activity. Indeed, the Code quite clearly states that "any other method to effectuate an equitable allocation and apportionment" may be utilized. 72 P.S. § 7401(3) 2(a)(18)(D) (Supp.1978). No mention was made of either "throw back" or "throw out" and no restrictions were placed upon the Secretary of Revenue as to what methods could or could not be employed, as long as the method used "effectuates an equitable allocation and apportionment" of the taxpayer's income.

■ Appellant would have us invalidate the "throw out" rule based upon legislative history. We may resort to legislative history, however, only *when the words of a law are not explicit.* Statutory Construction Act, Act of Dec. 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa. C.S.A. § 1921 (Supp.1978). *See also Martins Estate,* 365 Pa. 280, 74 A.2d 120 (1950); *Daugherty v. Continental Can Co., Inc.,* 226 Pa.Super. 342, 313 A.2d 276 (1973). When the statute's meaning is plain, as is this section of the Tax Reform Code, we cannot look to legislative history when to do so would alter that statute's plain meaning. The Commonwealth Court refused to make the Fineman Report part of the record and further commented that "there is no proof that all of the recommendations in the exhaustive report were eventually adopted by the Legislature." 25 Pa.Cmwlth. at 100–01, 358 A.2d at 429–30.

■ In conclusion we find that where a corporation such as appellant manufactures all of its products in Pennsylvania, has all of its tangible property and employees in Pennsylvania and is not subject to the taxing jurisdiction of any other state, excepting one, the Secretary of Revenue may recalculate the sales fraction to yield an allocation of business income which is representative of appellant's business

activity in Pennsylvania. The Secretary of Revenue did nothing more in this case.

The order of the Commonwealth Court is affirmed.

POMEROY, J., dissents.