515 A.2d 1045

John Bronchik, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs September 8, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael J. Cammarano,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, October 8, 1986:

In this driver's license suspension appeal we are called upon to construe Section 1532(b) of the Vehicle Code, 75 Pa. C. S. §1532(b), to ascertain whether there is any time limitation on convictions under Section 1501 of the Vehicle Code, 75 Pa. C. S. §1501, requiring drivers to be licensed, to be considered "subsequent" convictions for the purpose of imposing the six-month suspension mandated by 75 Pa. C. S. §1532(b)(2). This case is purely one of statutory construction.

The essential facts are not in dispute and are as follows. On or about February 5, 1980, Appellant John Bronchik was convicted of violating 75 Pa. C. S. §1501 for driving on an expired operator's license. On or about March 20, 1984, Appellant was again convicted of the same offense, driving on an expired operator's license. On June 5, 1984, the Department of Transportation, Bureau of Traffic Safety (Bureau), sent Appellant official notice that his operating privileges were being suspended for six months pursuant to Section 1532(b)(2) as a result of his subsequent conviction of violating 75 Pa. C. S. §1501. An appeal was taken to common pleas court.

The common pleas court upheld the Bureau's suspension order and this appeal followed.

Before this Court, Appellant argues that under Section 1532(b)(2) there must be a point in time where a first conviction for violating Section 1501 becomes dated or stale to the extent it renders a later conviction of Section 1501 not a "subsequent" conviction for purposes of Section 1532(b)(2). In support of this argument, Appellant calls this Court's attention to other provisions of the Vehicle Code which place time limitations on repeat offenses to trigger habitual offender sanctions. He urges this Court to infer a legislative intent to place a similar time limitation in Section 1532(b)(2).

Section 1532(b)(2) reads as follows:

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

Section 1501(a) (relating to drivers required to be licensed).

Section 1543 (relating to driving while operating privilege is suspended or revoked).

The polestar of statutory construction is to ascertain and effectuate the intention of the General Assembly. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a); *Mt. Laurel Racing Association v. Zoning Hearing Board, Municipality of Monroeville,* 73 Pa. Commonwealth Ct. 531, 458 A.2d 1043 (1983). Where the words of a statute are clear and free from all ambiguity, the letter thereof will not be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b); *Wilderness Industries of Maryland, Inc. v. State Board of Motor Vehicle Manufacturers, Dealers and Salesmen,* 58 Pa. Commonwealth Ct. 127, 427 A.2d 1235 (1981).

We are convinced that Section 1532(b)(2) is clear and free from ambiguity. The General Assembly clearly intended that any subsequent conviction of violating Section 1501(a) or 1543 shall result in a six-month suspension of operating privileges. The provisions pointed out by Appellant, Sections 1532(a)(2) and 1542 of the Vehicle Code, 75 Pa. C. S. §§1532(a)(2) and 1542, merely convince us that had the General Assembly desired to place a time limitation upon subsequent offense it could have easily done so in clear unmistakable language. The presence of such limitations in Sections 1532(a)(2) and 1542 and their absence from Section 1532(b)(2) is a clear indication that no such limitation shall apply to Section 1532(b)(2).

Appellant also challenges the constitutionality of Section 1532(b)(2). Our review of the record shows this issue was neither raised nor addressed by the common pleas court. Pennsylvania Rule of Appellate Procedure 302 mandates that issues which are not raised in the lower court cannot be raised for the first time on appeal. Therefore, since Appellant did not challenge the constitutionality of Section 1532 in the common pleas court, he is precluded from raising that issue for the first time in his appeal to this Court. *See Cherry v. Willer,* 317 Pa. Superior Ct. 58, 463 A.2d 1082 (1983). We are therefore precluded from considering the merits of Appellant's constitutional argument since that issue has been waived.

Having disposed of Appellant's arguments in the Bureau's favor, we affirm the common pleas court.

ORDER

Now, October 8, 1986, the Order of the Court of Common Pleas of Berks County at Docket No. 39 July, 1984, dated January 10, 1985, is hereby affirmed.