552 A.2d 1154

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Thomas E. Empfield, Appellee.

Submitted on briefs December 20, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellant.

*Thomas G. Johnson*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 24, 1989:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Court of Common Pleas of Indiana County which sustained the appeal of Thomas E. Empfield (Appellee) from a six month suspension of his operating privileges ordered by DOT for violation of Section 1532(b)(2) of the Vehicle Code (Code), 75 Pa. C. S. §1532(b)(2). We affirm the trial court.

On December 18, 1981, Appellee was cited for operating a motor vehicle while his operator's license was expired and fined $25.00 pursuant to Section 1501 of the Code, 75 Pa. C. S. §1501. On January 1, 1988, Appellee was again cited for operating a motor vehicle with an expired operator's license and fined $25.00 under the same Code Section.

Section 1532(b)(2) provides that DOT shall suspend the operating privileges of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under Section 1501(a). On April 6, 1988, DOT notified Appellee it was suspending his operating privileges for six months based on Appellee's 1981 and 1988 citations for driving with an expired license. The trial court sustained Appellee's appeal from this suspension based on its statutory interpretation of Sections 1501 and 1532(b) of the Code.

Section 1501 states in pertinent part:

(a) *General Rule.*-No person, except those expressly exempted, shall drive any motor vehicle upon a highway in this Commonwealth unless the

person has a driver's license valid under the provisions of this chapter.

. . . .

(d) *Penalty.*-Any person violating subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200, except that, if the person charged furnishes satisfactory proof of having held a driver's license valid on the last day of the preceding driver's license period and no more than one year has elapsed from the last day of renewal, the fine shall be $25.

...

Section 1532(b)(1) mandates that the operating privileges of a driver be suspended for six months upon conviction of any of the following offenses under the Code:

Section 3367 (relating to racing on highways)

Section 3733 (relating to fleeing or attempting to elude police officer)

Section 3734 (relating to driving without lights to avoid identification or arrest)

Section 3743 (relating to accidents involving damage to attended vehicle or property)

Section 1532(b)(2) imposes a six month suspension for subsequent convictions of the following offenses under the Code:

Section 1501(a) (relating to drivers required to be licensed)

Section 1543 (relating to driving while operating privilege is suspended or revoked).

Appellee's argument is quite simple. All of the enumerated offenses cited above which mandate suspension carry a $200.00 fine. The only offense that does not carry a $200.00 fine is the $25.00 violation of Section 1501(a) that Appellee was cited for. Appellee argues that Section

1501(d) sets up two different classes of violations. The $200.00 violation for persons who drive without a license mandates suspension for a subsequent offense under 1532(b)(2). But the $25.00 violation for failing to renew an expired license, which is the same amount charged for an expired inspection sticker or registration, does not mandate suspension for a subsequent offense because it is not in the same "major class" of violations enumerated by the legislature in Section 1532.

We are persuaded by Appellee's argument. DOT argues that Section 1532(b)(2) calls for a suspension for any subsequent violation of 1501(a) and there is no time limitation upon subsequent offenses. *Bronchik v. Department of Transportation,* 101 Pa. Commonwealth Ct. 231, 515 A.2d 1045 (1986). This is not a statute of limitations case. The issue is whether the legislature intended a six month suspension to be the penalty for a second $25.00 traffic citation.

In Section 1501(d) the legislature drew a distinction between the motorist who drives without a license and the motorist who already has a valid license and simply forgets to send in his renewal form and fee on time. The legislature gives this motorist a one year grace period to renew his or her license during which time the $25.00 penalty is the same amount imposed for failing to renew a registration or inspection sticker. Failure to renew a registration or inspection sticker does not subject a motorist to suspension. Failure to renew a valid driver's license within the one year grace period provided by the legislature should also not subject a motorist to suspension.

The offenses mandating suspension enumerated by the legislature in Section 1532(b) all relate to intentional, conscious acts calculated to violate the law. Failure to send in a form on time needed to renew a perfectly valid license is not in the same category as racing on a highway,

hit and run, attempting to elude police officers or avoid arrest, driving under suspension, or driving without any license at all. The legislature recognized this distinction in 1501(d) by making failure to renew a license a $25.00 violation instead of a $200.00 violation. The statutory suspension scheme the legislature set forth in Section 1532(b) imposes suspensions for violations of $200.00 offenses, not $25.00 traffic citations. The order of the trial court is affirmed.

## ORDER

NOW, January 24, 1989, the order of the Court of Common Pleas of Indiana County at No. 749 C.D. 1988, dated July 7, 1988, is hereby affirmed.