585 A.2d 442

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Thomas E. EMPFIELD, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1990.

Decided Jan. 25, 1991.

David R. White, Asst. Counsel, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Thomas G. Johnson, Indiana, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

CAPPY, Justice.

The question before us is whether the Commonwealth Court committed an error of law in determining that appellee's driver's license was improperly suspended for six months pursuant to Section 1532(b)(2) of the Vehicle Code,[1] where he has been twice convicted of driving without a valid driver's license under Section 1501(a) of the Vehicle Code, but where he held a valid driver's license that expired twenty-eight days prior to the second offense.

1. Act of 1976, June 17, P.L. 162, No. 81, 75 Pa.C.S. § 101 et seq.

Because we find the language of Section 1532(b)(2) clearly and unambiguously provides for a six month suspension upon a subsequent conviction under Section 1501(a), appellee should receive such suspension since he has been twice convicted of driving without a license under Section 1501(a). We therefore reverse the decision of the Commonwealth Court.

Empfield was convicted of violating 75 Pa.C.S. § 1501(a) (Drivers Required to be Licensed) on October 28, 1981,[2] and again on January 1, 1988. Section 1501(a) provides as follows:

(a) **General rule.** No person, except those expressly exempted,[3] shall drive any motor vehicle upon a highway in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter.

Upon receipt of a certified record of Empfield's second conviction under Section 1501(a), the Department of Transportation, Bureau of Driver Licensing ("DOT"), acting pursuant to 75 Pa.C.S. § 1532(b)(2) and through a notice dated April 6, 1988, suspended Empfield's driver's license for six months commencing not later than May 11, 1988. Section 1532(b)(2) provides as follows:

(2) The Department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

Section 1501(a) (relating to drivers required to be licensed).

Section 1543 (relating to driving while operating privilege is suspended or revoked).

---

**2.** To eliminate confusion, we note that the Commonwealth Court stated that Empfield first violated Section 1501(a) on December 18, 1981. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Empfield,* 123 Pa.Commw. 82, 552 A.2d 1154 (1989). The record more properly reflects that Empfield was convicted of violating 75 Pa.C.S. § 3362, by travelling at an excessive speed, 72 mph. in a 55 mph. zone, on December 18, 1981.

**3.** Section 1502 expressly exempts certain persons from the licensing requirements of this Commonwealth. Empfield does not fall within any of these exemption categories.

Empfield appealed DOT's suspension order to the Court of Common Pleas of Indiana County, which dismissed the suspension upon a determination "that a period of seven years elapsed between violations for Sections 1501 and that the maximum penalty on said violation under the circumstances here found by the Court is twenty-five dollars." [4] DOT appealed to the Commonwealth Court, which affirmed the dismissal of the suspension based upon a statutory construction analysis of Sections 1532(b) and 1501.

The Commonwealth Court determined that through Section 1501(d), the penalty subsection of Section 1501, the Legislature had intended to draw "a distinction between the motorist who drives without a license and the motorist who already has a valid license and simply forgets to send in his renewal form and fee on time." *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Empfield,* 123 Pa.Commw. 82, 85, 552 A.2d 1154, 1155 (1989). Section 1501(d) provides that the fine for violating 1501(a) is $200.00 unless the person charged "held a driver's license valid on the last day of the preceding driver's license period and no more than one year has elapsed from the last date of renewal, whereupon the fine is only $25.00."

The court drew a corollary between this failure to renew a license situation and those where a driver fails to renew a vehicle registration or inspection, which provide for a similar $25.00 fine but are not the basis for a suspension. In further support of this distinction, the Commonwealth Court relied upon an analysis of the other violations that mandate suspensions under Section 1532(b), which all provide for fines of $200.00, and which "all relate to intentional conscious acts calculated to violate the law." *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Empfield,* 123 Pa.Commw. 82, 85, 552 A.2d 1154, 1155 (1989).

The Commonwealth Court determined that a "[f]ailure to send in a form on time needed to renew a perfectly valid license is not in the same category as racing on a highway,

4. Order at 749 C.D.1988, and Dated July 7, 1988.

hit and run, attempting to elude police officers or avoid arrest, driving under suspension, or driving without any license at all," *id.*, and therefore determined that the statutory suspension scheme of the Legislature intended to impose suspensions for the $200.00 offenses, and not Empfield's $25.00 failure to renew violation of Section 1501(a). DOT petitioned this Court for allowance of appeal, and we granted allocatur.

■ Before us, DOT argues that the Commonwealth Court has ignored the clear and unambiguous language of the Vehicle Code, has engaged in a search for legislative intent that is not proper or warranted, and has judicially amended a statute that the Legislature has not seen fit to amend. We agree.

There is no dispute that Empfield has been twice convicted for committing the offense of operating a vehicle without a valid driver's license, 75 Pa.C.S. § 1501(a). There is also no dispute that 75 Pa.C.S. § 1532(b)(2) provides for a six month suspension for persons receiving a subsequent conviction under Section 1501(a). Therefore, it would seem obvious that Empfield would be subject to a six month suspension. However, the Commonwealth Court does not believe that Section 1532(b)(2) provides such a plain meaning despite the fact that in the case *sub judice* it did not find Section 1532(b) ambiguous as it relates to Section 1501(a), and the fact that it has found Section 1532(b)(2) "clear and free from ambiguity" in the past. *Bronchik v. Department of Transportation*, 101 Pa.Commw. 231, 515 A.2d 1045, 1046 (1986). (Six month suspension for *any* subsequent conviction under Section 1501(a) is clear intent of section—and thus, there is no time limitation during which subsequent offense must occur). (Emphasis added).

■ The Statutory Construction Act [5] provides that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). When

**5.** Act of 1972, Dec. 6, P.L. 1339, No. 290, 1 Pa.C.S. § 1501 et seq.

the language of a statute is clear and unambiguous, the Judiciary must read its provisions in accordance with their plain meaning and common usage. 1 Pa.C.S. § 1903(a); *Commonwealth v. Bell*, 512 Pa. 334, 339, 516 A.2d 1172, 1175 (1988); *In re: Estate of Baker*, 496 Pa. 577, 437 A.2d 1191 (1981); *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972); *In Re: Stegmaier Estate*, 424 Pa. 4, 225 A.2d 566 (1967); *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965); *Southwest Delaware County Municipal Authority v. Aston Township*, 413 Pa. 526, 198 A.2d 867 (1964).

We are convinced that section 1532(b)(2) clearly and unambiguously provides for a six month suspension upon a subsequent conviction under Section 1501(a). Section 1501(a) is equally as clear concerning what acts constitute a violation thereof. One driving without a valid driver's license is subject to all of the penalties applicable thereto, and the mere existence of a lesser fine for violations of Section 1501(a) involving only a failure to renew does not create a separate offense under Section 1501(a) for purposes of the six month suspension mandated by Section 1532(b)(2).

While it is curious that the other violations leading to suspension under Section 1532(b) are typically considered more serious than Empfield's transgression, this does not create an ambiguity in Section 1532(b). Had the Legislature intended to create two separate offenses under Section 1501(a) for purposes of Section 1532(b)(2)—a major offense (driving without a license) warranting a suspension under Section 1532(b)(2), and a minor offense (driving with an expired license) not warranting a suspension under Section 1532(b)(2), it would have done so in clear unmistakable language. We cannot ignore the plain meaning of these sections, or the fact that the Legislature saw fit to retain the suspension penalty arising from a second conviction of this nature during the 1981 amendment of Section 1501(a) and the 1982 amendment of Section 1532(b)(2). It is simply not within our judicial prerogative to disregard the plain

meaning of Section 1532(b) and engage in a selective search for legislative intent. *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1988); *Commonwealth, Department of Public Welfare v. Matic,* 509 Pa. 164, 501 A.2d 617 (1985); *Hellertown Manufacturing Co. v. Commonwealth,* 480 Pa. 358, 390 A.2d 732 (1978); *Davis v. Sulcowe,* 416 Pa. 138, 205 A.2d 89 (1964).

Given the clarity and plain meaning of Section 1532(b)(2) and the fact that Empfield has been twice convicted of violating Section 1501(a), we hold that the Commonwealth Court erred in dismissing the six month suspension imposed by DOT. We therefore reverse the decision of the Commonwealth Court and reinstate the order of the Department of Transportation, Bureau of Driver Licensing suspending Empfield's driver's license for six months.

Reversed.