615 A.2d 949

Richard S. KRONENBITTER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1992.

Decided Sept. 3, 1992.

Robert L. Adshead, for appellant.

Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Richard S. Kronenbitter (Kronenbitter) from the order of the Court of Common Pleas of Montgomery County dismissing Kronenbitter's appeal from the Pennsylvania Department of Transportation's (DOT) five-year suspension of his operating privileges. We affirm.

█ Kronenbitter was arrested for riding a bicycle while under the influence of alcohol in violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. Kronenbitter pleaded guilty to the charge of driving under the influence (DUI), this being his third offense. Subsequently, DOT notified Kronenbitter that because of this third conviction for DUI, his motor vehicle operating privileges were revoked for a period of five years, pursuant to Section 1542(b) of the Vehicle Code, 75 Pa.C.S. § 1542(b) (revocation of a habitual offender's license). Kronenbitter appealed the suspension but the trial court affirmed. On appeal, this Court must determine whether

DOT's revocation of Kronenbitter's license was proper under Section 1542 of the Vehicle Code.[1]

█ Kronenbitter argues that Section 1542(b) of the Vehicle Code was not intended to revoke for five years the motor vehicle operating privileges of an individual whose third conviction for DUI arose from riding a bicycle. Section 1542 of the Vehicle Code provides in pertinent part:

§ 1542. Revocation of habitual offenders license

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

Section 1532 of the Vehicle Code, 75 Pa.C.S. § 1532, provides in pertinent part:

§ 1532. Revocation or suspension of operating privilege

(a) Revocation.—The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any of the following offenses:

---

1. This Court's scope of review of a trial court's decision in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Cartwright v. Commonwealth,* 138 Pa.Commonwealth Ct. 325, 587 A.2d 909 (1991).

. . . .

(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)....

Kronenbitter was convicted for violation of .Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a). That section provides that: "(a) person shall not drive, operate or be in actual physical control of the movement of any vehicle while: (1) under the influence of alcohol which renders the person incapable of safe driving...."

Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, defines "operating privilege" as "[t]he privilege to apply for and obtain a license to use as well as the *privilege* to use a *vehicle* on a highway as authorized in this title, but not a contract, property right or civil right." (Emphasis added.) Section 102 of the Vehicle Code defines "vehicle" as "[e]very device, in, upon or by which any person or property is may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." Under Section 102 of the Vehicle Code, a bicycle is a vehicle. *See also Olson v. Swain,* 163 Pa.Superior Ct. 101, 60 A.2d 548 (1948).

Kronenbitter admitted his guilt and entered a plea of guilty to the charge of DUI third offense because he did, indeed, drive a vehicle, as defined in the Vehicle Code, while under the influence of alcohol to a degree which rendered him incapable of safe driving. However, Kronenbitter asserts that Section 1542(b) of the Vehicle Code, dealing with the revocation of a habitual offender's license, does not contemplate revocation of one's *motor vehicle* operating privilege, when the third DUI conviction arises from riding a bicycle.

Kronenbitter argues that it does not necessarily follow that because the legislature enacted Section 3731 of the Vehicle Code, pertaining to driving under the influence of alcohol, that it intended Section 1542(b) of the Vehicle Code to apply to revoke one's motor vehicle operating privileges when the third

DUI conviction is for riding a bicycle. Further, Kronenbitter asserts that even if his motor vehicle license is indeed revoked, it would have no deterrent effect upon his behavior that led to his third DUI conviction since he would still be permitted to ride a bicycle even under the influence of alcohol. We disagree.

■ When the words of the statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. *Department of Transportation, Bureau of Driver Licensing v. Empfield*, 526 Pa. 220, 585 A.2d 442 (1991). Thus, we must read the statutory provisions in accordance with their plain and common usage. 1 Pa.C.S. § 1903(a); *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1988).

Under Sections 1532 and 1542 of the Vehicle Code, if DOT receives a certified record showing that a person has been convicted or accepts ARD on three offenses as set forth in Section 1542(b) of the Vehicle Code that were committed within a five year period, DOT must revoke that person's operating privilege. The fact that the definition of "operating privilege" uses the term "vehicle" rather than "motor vehicle," clearly denotes that those sections and terms are not limited to matters involving motor vehicles but *all* vehicles.

Neither Section 1532 nor 1542 of the Vehicle Code is limited to motor vehicle offenses. Offenses involving vehicles other than motor vehicles are clearly within the unambiguous statutory language of the motor vehicle code.

■ Consequently, we affirm the trial court.[2]

2. Kronenbitter's appeal of his license revocation is also an attempt to collaterally attack his underlying criminal conviction. This Court has held consistently that a license may not collaterally challenge the underlying conviction for a criminal violation of the Vehicle Code in the civil license suspension appeal proceeding. *Department of Transportation v. Soder*, 110 Pa.Commonwealth Ct. 492, 532 A.2d 948 (1987). The only issues properly raised in civil license suspension cases are whether the licensee was convicted and whether DOT acted in accordance with the law. *Martino v. Commonwealth*, 116 Pa.Commonwealth Ct. 200, 541 A.2d 425 (1988).

## ORDER

AND NOW, this 3rd day of September, 1992, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.