Arthur J. MOATS, Petitioner,

v.

**PENNSYLVANIA STATE POLICE,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs, July 13, 2001.

Decided Aug. 23, 2001.

---

Dale M. Brown, Washington, for petitioner.

Joanna N. Reynolds, Harrisburg, for respondent.

Before DOYLE, President Judge, McGINLEY, Judge, McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Arthur J. Moats (Petitioner), petitions for review of an order of an Administrative Law Judge (ALJ), sustaining a decision of the Pennsylvania State Police (PSP) that Petitioner's criminal history record is accurate. We affirm.

On or about June 25, 1958, Petitioner pled guilty and was convicted of larceny pursuant to Section 4807 of the Crimes Code, now repealed,[1] for stealing six dollars worth of gasoline. Petitioner was sentenced to three years probation. On April 6, 1999, Petitioner filed an application to renew his license to carry a firearm with the Fayette County Sheriff's Office. Pursuant to Section 6109(d) of the Pennsylvania Uniform Firearms Act of 1995(Act), 18 Pa.C.S. § 6109(d), the Sheriff investigated Petitioner's criminal history record. The Sheriff then denied Petitioner's application because of a 1958 larceny conviction, a crime punishable by imprisonment for a term exceeding one year.[2] The Sheriff's notice of the license denial included a "Pennsylvania Instant Check System Challenge" form and stated:

> Please be advised, your request to carry a firearm concealed has been denied by the Pennsylvania State Police. You must fill out the enclosed form and send it to the Pennsylvania State Police within 30 days from the date of denial.

(R.R. at 1a).

Pursuant to Section 6111.1(e) of the Act, Petitioner completed the form to challenge the accuracy of his criminal record.[3] On

---

1. At the time of the commission of the offense in 1958, larceny was a felony punishable by up to a $2,000.00 fine and five years imprisonment. *See* Act of June 24, 1939, P.L. 872, formerly 18 Pa.C.S. § 4807, *as reenacted*, Act of December 6, 1972, P.L. 1482, 18 Pa.C.S. § 3921.

2. Section 6109(e)(1)(viii) of the Act mandates that a license to carry a firearm shall not be issued to an individual who has been convict-

ed of a crime punishable by imprisonment for a term exceeding one year. *See* 18 Pa.C.S. § 6109(e)(1)(viii).

3. Section 6111.1(e) of the Act, 18 Pa.C.S. § 6111.1(e), provides:

   **(e) Challenge to records.**—Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture, or purchase a firearm as a result of the procedures established by this section may challenge the

July 8, 1999, the PSP notified Petitioner that his criminal history record was accurate and complete. (R.R. at 9a). Petitioner then appealed to the Office of Attorney General (OAG), arguing that his criminal history record should be corrected since the same conduct committed today would result in a conviction of theft by unlawful taking,[4] a misdemeanor of the third degree (M–3),[5] rather than larceny, a felony.

A hearing was held before an ALJ at which PSP introduced into evidence a certified copy of documents from the Beaver County Clerk of Courts and Petitioner's fingerprint card on file with the State Police Central Repository, both evidencing Petitioner's 1958 conviction. (R.R. at 13a–22a). Thereafter, the ALJ denied Petitioner's requested relief.

■ On appeal to this Court,[6] Petitioner argues that the ALJ erred by failing to correct his criminal history record. Specifically, Petitioner asserts that his criminal history record should reflect a conviction for the offense of theft by unlawful taking. Petitioner argues this correction is necessary because the crime of stealing six dollars worth of gasoline today would constitute that offense rather than larceny. We disagree.

■ Having reviewed the record in its entirety, we conclude that the ALJ properly denied Petitioner's request to change his criminal history record. The evidence presented clearly proves that Petitioner pled guilty to and was convicted of larceny. (R.R. at 13a–22a). Moreover, Petitioner conceded in his brief that he was convicted of larceny. (Petitioner's Brief at 4, 7). Thus, Petitioner's challenge to the accuracy of his criminal history record is without merit.

■ Additionally, Petitioner attempts to argue the merits of the denial of his firearms license; however, this issue is not properly before us. Nevertheless, we feel compelled to take this opportunity to review the proper procedure to appeal such a denial as set forth by the Act. With the exception of the city of Philadelphia, a city of the first class, a sheriff has the sole authority to grant or deny an individual's application for a firearms license.[7] A sher-

---

accuracy of that person's criminal history, juvenile delinquency history or mental health record pursuant to a denial by the instantaneous records check in accordance with procedures established by the Pennsylvania State Police. The decision resulting from a challenge under this subsection may be appealed to the Attorney General within 30 days of the decision by the Pennsylvania State Police. The decision of the Attorney General may be appealed to the Commonwealth Court in accordance with court rule.

4. Section 3921 of the Crimes Code, 18 Pa.C.S. § 3921(a), referring to theft by unlawful taking or disposition provides, "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." This section was enacted in 1973 after the Legislature decided to implement a graded offense system. Additionally, this section repealed Section 4807 of the Crimes Code under which Petitioner was convicted.

5. Section 3903(b)(2) of the Crimes Code, 18 Pa.C.S. § 3930(b)(2), provides that property not taken from a person, by threat or by breach of fiduciary obligation and involves an amount less than fifty dollars shall constitute a misdemeanor of the third degree (M–3). A person convicted of an M–3 may be sentenced to a term of imprisonment not to exceed one year. See 18 Pa.C.S. § 1104(3).

6. Our scope of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. See Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

7. Section 6109(b) of the Act, 18 Pa.C.S. § 6109(b), provides:

(b) **Place of application.**—An individual who is 21 years of age or older may apply

iff may deny an application based on factors other than the individual's criminal history record. *See* 18 Pa.C.S. § 6109(d). If an individual's license application is denied, he may appeal to the county's trial court which shall conduct a *de novo* review. *See Harris v. Sheriff of Delaware County,* 675 A.2d 400 (Pa.Cmwlth.1996); *Gardner v. Jenkins, Sheriff of Montgomery County,* 116 Pa.Cmwlth. 107, 541 A.2d 406 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1988). An individual may then appeal to this Court and only then may we address the merits of the license denial.

In the instant case, we cannot address whether the Sheriff properly denied Petitioner's license application. Since Petitioner chose to follow the procedure set forth in Section 6111.1(e) of the Act, we may only review whether the ALJ's determination that Petitioner's criminal history record is accurate is supported by substantial evidence. As the record clearly reflects that Petitioner's criminal history record is accurate, the order of the ALJ is hereby affirmed.

### ORDER

AND NOW, this *23rd* day of *August,* 2001, the order of the Administrative Law Judge is hereby affirmed.

to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth. If the applicant is a resident of this Common-
wealth, he shall make application with the sheriff of the county in which he resides or, if a resident of a city of the first class, with the chief of police of that city.