**PENNSYLVANIA STATE POLICE, Petitioner,**

**v.**

**Edward J. IZBICKI, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2001.
Decided Oct. 19, 2001.

---

Joanna N. Reynolds, Harrisburg, for petitioner.

Peter J. Payne, Turtle Creek, for respondent.

Before McGINLEY, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Pennsylvania State Police (PSP) petition for review of an order of an Administrative Law Judge (ALJ), reversing the decision of PSP that Edward J. Izbicki (Izbicki) possessed a disability preventing him from acquiring a license to carry a firearm. We affirm.

On or about February 13, 1942, Izbicki pleaded guilty to the following criminal charges: burglary, larceny and receiving stolen property. Izbicki was sentenced to an undefined term of imprisonment which was subsequently suspended for good behavior. Izbicki was placed on parole for one year.

On March 10, 1999, Izbicki attempted to purchase a firearm. In response to an instantaneous records check pursuant to Section 6111.1(b) of the Pennsylvania Uniforms Firearms Act (Act), 18 Pa.C.S. § 6111.1(b),[1] PSP conducted a review of its criminal history files and other relevant records to determine if Izbicki was prohibited from receipt or possession of a firearm under federal or state law. This review revealed Izbicki's burglary conviction. Because the conviction was an enumerated offense under Section 6105(b) of the Act and constituted a state conviction punishable by more than two years imprisonment, PSP denied Izbicki's purchase pursuant to Section 922(g) of the Federal Gun Control Act of 1968 (Federal Act), 18 U.S.C. § 922(g),[2] and Section 6105(b) of the Act.[3] Izbicki thereafter challenged the denial by completing an instant check system challenge form. On August 12, 1999, PSP upheld Izbicki's denial. Izbicki did not further appeal this denial with the Attorney General.[4]

On October 15, 1999, Izbicki petitioned the Court of Common Pleas of Erie County (trial court), for an expungement of his burglary conviction.[5] As noted on Izbicki's petition, the Erie County District Attorney

1. 18 Pa.C.S. § 6111.1(b) provides:
   (b) Duty of Pennsylvania State Police.—
   (1) Upon receipt of a request for a criminal history ... of the potential purchaser or transferee, the Pennsylvania State Police shall immediately during the licensee's call or by return call forthwith:
   (i) review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law.

2. 18 U.S.C. § 922(g) provides:
   (g) it shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   ...
   to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. Section 6105(a) of the Act, 18 Pa.C.S. § 6105(a), provides:
   (a) Offense defined.—
   (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence ... shall not possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

4. Pursuant to Section 6111.1(e) of the Act, Izbicki could have appealed the denial of his right to purchase a firearm to the Attorney General within thirty days.

5. In the petition, Izbicki alleged that there were no records available evincing his burglary conviction. Additionally, Izbicki alleged

consented to the expungement of his criminal record. (R.R. at 97a). On November 3, 1999, the trial court ordered Izbicki's criminal record information relating to his burglary conviction expunged. (R.R. at 100a–102a).

On November 23, 1999, Izbicki applied for a license to carry a firearm with the Erie County Sheriff's Office (Sheriff's Office). At the request of the Sheriff's Office, PSP conducted a criminal background check. According to the parties, PSP then denied Izbicki's application pursuant to Section 6109(e) of the Act.[6] Izbicki challenged the accuracy of his criminal record by completing an instant check system challenge form. (R.R. at 20a–22a). By letter dated December 7, 1999, PSP upheld the denial of Izbicki's license to carry a firearm based on his burglary conviction. Izbicki appealed.

In the meantime, PSP was notified of the trial court's expungement order. By letter dated December 22, 1999, PSP's Central Repository notified the Erie County Clerk of Courts that all criminal history record information pertaining to the burglary conviction was expunged in accordance with the trial court's order. (R.R. at 45a). The letter further stated that Izbicki was notified as well.

On February 29, 2000, a hearing was held before an ALJ.[7] At the hearing, Izbicki argued that the trial court's expungement order cured him of his disqualifying conviction and, therefore, his firearms license could not be denied. In opposition, PSP argued that it did not honor Izbicki's expungement because the allegations he made in the petition were false. Additionally, PSP argued that the expungement was improper as Izbicki was not free of an arrest or prosecution for a crime during the last ten years as required by Section 9122 of the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. § 9122.[8]

The ALJ held:

---

that he was nineteen-years-old at the time of his convictions and was subject to treatment as a juvenile under the applicable law at that time. Finally, he averred that he had refrained from all criminal activity since the time of his convictions.

6. Section 6109(e) of the Act, 18 Pa.C.S. § 6109(e), provides:

(e) **Issuance of license.**—
(1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:
. . .
(iii) An individual convicted of a crime enumerated in Section 6105.
. . .
(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one

year except as provided by section 6123 (relating to waiver of disability or pardons).
We find it interesting that both parties view the denial of the license as coming from PSP when, under Section 6109(g) of the Act, 18 Pa.C.S. § 6109(g), it is the sheriff's duty to issue or refuse to issue a license on the basis of an investigation conducted pursuant to Section 6109(d) of the Act, 18 Pa.C.S. § 6109(d).

7. Although the ALJ noted that Izbicki appealed both the denial of his right to purchase a firearm and the denial of his license to carry a firearm, Izbicki did not appeal the former within thirty days of PSP's confirmation, i.e., August 12, 1999, pursuant to Section 6111.1(e) of the Act. Therefore, the only issue preserved and before the ALJ was whether Izbicki possessed a disability disqualifying him from carrying a firearm.

8. Section 9122(b)(1) of the CHRIA, 18 Pa.C.S. § 9122(b)(1), provides, "[c]riminal history record information shall be expunged when . . . [a]n individual who is the subject of the information reaches 70 years of age and has

From all accounts on record the expungement proceedings were appropriate, the Order, certified ... and presented to this Tribunal must be accepted as valid and viewed accordingly. With a valid expungement in hand the disabilities created by the existence of the burglary conviction are removed by enforcement of that expungement. The Common Pleas Expungement Order should remove the conviction that stems from the burglary arrest for both the [Act] and the [Federal Act] ... In reviewing the record and giving the Expungement Order its due weight we must conclude that if given proper weight by the PSP the effect would be the removal of any disability as to the Respondent's rights under the respective state and federal gun control statutes.

(ALJ's Opinion at 6). Inexplicably, the ALJ also addressed Izbicki's denial of his right to purchase a firearm which was not properly before him.

On appeal to this Court,[9] PSP argues that it is not bound by the expungement order since Izbicki obtained the expungement under false pretenses. We disagree.

■ Essentially, PSP is attempting to attack the validity of Izbicki's expungement. As PSP conceded at oral argument before this Court, the law is clear that PSP lacks standing to challenge the validity of an expungement order. *See Commonwealth v. J.H.*, 563 Pa. 248, 759 A.2d 1269 (2000); *Kronenbitter v. Com., Dept. of Transp.*, 150 Pa.Cmwlth. 344, 615 A.2d 949 (1992), *affirmed*, 533 Pa. 324, 623 A.2d 814 (1993). Hence, PSP was bound by the

trial court's November 3, 1999, expungement order and it lacked sufficient justification to conclude that Izbicki possessed a disability regarding his firearms license application.

■ We must reiterate here that it is not PSP's duty to grant or deny a firearms license. As explained in this Court's recent opinion in *Moats v. Pennsylvania State Police*, 782 A.2d 1102 (Pa.Cmwlth. 2001), the ALJ's review is limited to determining whether the criminal history record of an applicant for a license is accurate and complete. In *Moats*, we further indicated as follows:

> With the exception of the city of Philadelphia, a city of the first class, a sheriff has the sole authority to grant or deny an individual's application for a firearms license ... A sheriff may deny an application based on factors other than the individual's criminal history record ... If an individual's license application is denied, he may appeal to the county's trial court which shall conduct a *de novo* review ... An individual may then appeal to this Court and only then may we address the merits of the license denial.

(*Moats*, at 1104–1105) (citations omitted). Izbicki failed to file an appeal of his license denial with the trial court. Moreover, Izbicki is not automatically entitled to a firearms license; instead, Izbicki must reapply to the Sheriff's Office for such a license. In turn, it is the duty of the Sheriff to determine whether the license should be granted or denied. Part of this determination will certainly hinge on PSP's criminal records check.

---

been free of arrest or prosecution for ten years following final release from confinement or supervision...."

**9.** Our scope of review is limited to determining whether necessary findings of fact are

supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Accordingly, the order of the ALJ is hereby affirmed.

### ORDER

AND NOW, this 19th day of October, 2001, the order of the Administrative Law Judge is hereby affirmed.